IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDWIN MELENDEZ-RAMOS<br>Plaintiff<br><br>vs<br><br>ENG. JACK T. ALLISON, in his personal capacity and in his official capacity as Executive Director or the Puerto Rico Highway and Transportation Authority (PRHTA);<br>the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (PRHTA)<br>ENG. FELIPE LUYANDA, in his personal capacity and in his official capacity as Deputy Executive Director for Puerto Rico Transit and Highway (PRHTA);<br>MISS NANCY VAZQUEZ, in her personal capacity and in her official capacity as Director Highway Administration (PRHA);<br>ENG. DAVID SOTO, in his personal capacity and in his official capacity as Director Conservation and Engineering Office of the Puerto Rico Highway Authority (PRHTA);<br>MR. DAVID AVILES in his personal capacity and in his official capacity as Director Human Resources of the Puerto Rico Highway Authority (PRHTA);<br>MRS. SONIA I. VELEZ, in her personal capacity and in her official capacity as Programs Director of Human Resources of the Puerto Rico Highway and Transportation Authority (PRHTA); and PERSONS X, Z, & Y, as yet unknown persons who violated plaintiff's constitutionally protected rights<br><br>Defendants | CIVIL 04-1123CCC |

# O R D E R

This is a 42 U.S.C. §1983 action filed by plaintiff, Edwin Meléndez-Ramos, against several officials of the Puerto Rico Highway Authority (PRHA). Plaintiff, who alleges having worked with PRHA as an Agronomist-Consultant since 1996 on a contractual basis, claims in

CIVIL 04-1123CCC                                        2

his complaint that he was not selected for a career position available at the agency because of political discrimination by defendants and that he was not afforded due process after that decision was taken.  Defendants have moved to dismiss the complaint (**docket entry 14**) averring that the decision not to hire plaintiff as a career employee was not politically motivated and that his contractual relationship with the agency did not require that he be given procedural due process.  Plaintiff, in his opposition (**docket entry 15**), insists that the complaint recites facts in support of both causes of action.

With regard to the claim of political discrimination, having reviewed the allegations of the complaint we are convinced that it states enough:  plaintiff is an active member of the New Progressive Party and defendants are all active members of the Popular Democratic Party (PDP), plaintiff was rejected by defendants who instead favored an avid PDP sympathizer for the available vacancy, and some of the defendants allegedly admitted that plaintiff's rejection was politically motivated.  These allegations of political discrimination are enough to state a section 1983 action against defendants.  Educadores Puertorriqueños en Acción v.Hernández, 367 F.3d 61, 66-67 (1st Cir. 2004).

The situation is different as to the claim under the Due Process Clause.  In this regard, we note that plaintiff's allegations are that he was a contractual employee of PRHA, see Complaint (docket entry 1), ¶¶ 3, 6, whose contract was to expire on June 30, 2004, id., at ¶ 20, and that while he applied for a career position available in the agency, he was not selected.  Id., at ¶¶ 8, 12 & 14.  An employee possesses a property interest in public employment, and is entitled to procedural due process, only if he/she has tenure, a contract for a fixed term, or if state law allows dismissal only for "cause" or its equivalent.  See Bd. of Regents v. Roth, 408 U.S. 564, 576-77, 92 S.Ct. 2701 (1972).  Here, plaintiff's due process claim is strictly based on the career position for which he applied but never held.[1]  Thus, given

---

[1] It should be noted that the complaint fails to allege that plaintiff's contract was terminated by defendants before its expiration date, a situation which would have been subject to procedural

CIVIL 04-1123CCC                                                3

that he was applying for, but was not terminated from, a career position within PRHA, he clearly lacked a property interest in that position that would have entitled him to receive procedural due process before being deprived of it.  Cf. Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 5-6 (1st Cir.2000); Kauffman v. P.R. Tel. Co., 841 F.2d 1169, 1173 (1st Cir.1988) (property interest typically accrues to public employee who holds a career position in Puerto Rico, and with rare exceptions the Due Process Clause of the Fourteenth Amendment is transgressed when such an employee is cashiered without a pre-termination hearing.)

For the reasons stated, defendants Motion to Dismiss (**docket entry 14**) is GRANTED IN PART and DENIED IN PART.  Accordingly, while plaintiff's claim under the First Amendment survives the dismissal request, partial judgment will be entered by separate order DISMISSING his claim under the Due Process Clause.

SO ORDERED.

At San Juan, Puerto Rico, on February 13, 2006.

                                                        S/CARMEN CONSUELO CEREZO
                                                        United States District Judge

---

due process protection.  Plaintiff's opposition, in fact, recognizes that he was terminated on June 30, 2004, precisely when his contract was due to expire. Opposition (**docket entry 15**), at p. 8.